IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ROGERS,

            Petitioner,

    v.

ROBERT HOREL, et al.,

            Respondents.

Case No. CIV 07-1297RJB

ORDER ON PETITION
FOR WRIT OF HABEAS
CORPUS

This matter comes before the court on petitioner's petition for writ of habeas corpus. Dkt. 1. The court has considered the relevant documents and the remainder of the file herein.

## INTRODUCTION

Petitioner is a state prisoner currently incarcerated at Pelican Bay State Prison in Crescent City, California. He filed this petition for writ of habeas corpus to challenge his 2004 Sacramento County conviction. Respondent filed an answer and relevant portions of the record. Dkt. 7 and 8. Petitioner filed a traverse. Dkt. 9. A review of the record shows that the claims do not warrant habeas relief. Accordingly, the petition should be denied and the case dismissed with prejudice.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner pleaded no contest to conspiracy to transport cocaine in violation of California Penal Code § 182 (a)(1); and California Health & Safety Code § 11352(b). Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 376-78. Petitioner admitted that he was substantially involved in the conspiracy and that the cocaine exceeded 20 kilograms, pursuant to California Health & Safety Code § 11370.4(a)(4).

Reporter's Transcript on Appeal, Vol. II of II, at 386, 389-90. Petitioner also admitted having served two prior prison terms in February 1994 and May 1996, pursuant to California Penal Code § 667.5(b). Reporter's Transcript on Appeal, Vol. II of II, at 386-387.

On June 21, 2004, the Sacramento County Superior Court sentenced petitioner to a determinate term of twenty years in state prison.

On October 19, 2005, the California Court of Appeal, Third Appellate District, affirmed the judgment, with modifications regarding credit for custody and good conduct credit, restitution, and date of a prior conviction. *See People v. Andrade and Rogers*, 2005WL 2660403 (Cal.App. 3 Dist.). Petitioner did not file a petition for review in the California Supreme Court.

On December 11, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. In that petition, he raised the issues that he now presents in this habeas corpus petition. On May 16, 2007, the California Supreme Court denied the petition.

On July 2, 2007, petitioner filed this petition for writ of habeas corpus. Dkt. 1. The court has carefully reviewed the entire record in this case.

## CLAIMS

Petitioner raises seven claims in his petition, which are quoted as follows:

1. The prosecution failed to meet the burden that the warrantless search and seizure, of the petitioner, was reasonable under the Fourth Amend.

2. The initial detention of the petitioner was 'unreasonable' under the Fourth and Fourteenth Amendment.

3. The detention of the petitioner exceeded the permissible scope under the law.

4. The detention of the petitioner was a de facto arrest[.]

5. There was no probable cause to believe that the petitioner was involved in any criminal activity.

6. Det. Kolbs GPS based testimony was inadmissible and prejudicial[.]

7. California lacks the subject matter jurisdiction to prosecute a crime that occurred outside of its jurisdiction.

Docket 1.

## EXHAUSTION

Before claims may be raised in a federal habeas corpus petition, state remedies must be exhausted;

or an applicant must show there is either an absence of available state corrective process or that circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1); *see also, Rose v. Lundy*, 455 U.S. 509 (1982). A claim has been exhausted once it has been fairly presented to the state's highest court and the court has had the opportunity to rule on the merits of the claim. *See O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1733-34 (1999); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Batchelor v. Cupp*, 693 F.2d 859, 862(9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

A petitioner must present the claims to the state's highest court based upon the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. *Hudson v. Rushen*, 686 F.2d 826, 829-830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Schiers v. California*, 333 F.2d 173, 176 (9th Cir. 1964). Specifically, a petitioner must apprise the state courts that an alleged error is not only a violation of state law, but a violation of the Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trail do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 120 S.Ct. 815 (2000). A petitioner must include reference to a specific federal constitutional guarantee as well as a statement of the facts that entitle the petitioner to relief. *Gray v. Netherland*, 518 U.S., at 162-163.

In this case, petitioner raised his federal habeas issue in his state habeas corpus proceedings. His federal habeas claims have been exhausted. Accordingly, the court will review the claims on the merits.

## STANDARD OF REVIEW

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of

materially indistinguishable facts. *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

### 1. Search and Seizure Claims

Petitioner raises seven claims regarding the search and seizure: (1) The prosecution failed to meet its burden that the warrantless search and seizure of the petitioner was reasonable under the Fourth Amendment; (2) The initial detention of petitioner was 'unreasonable' under the Fourth and Fourteenth Amendments; (3) The detention of petitioner exceeded the permissible scope under the law; (4) The detention of petitioner was a de facto arrest; (5) There was no probable cause to believe that petitioner was involved in any criminal activity; and (6) Detective. Kolbs' GPS-based testimony was inadmissible and prejudicial.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Fourth Amendment applies to the States by way of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The state court's application of the applicable search and seizure law is not relevant to a search and seizure claim in a *habeas* action. *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994).

In California, criminal defendants seeking suppression of evidence allegedly seized in an unlawful manner may move to suppress the evidence under California Penal Code § 1538.5.

In this case, petitioner was arrested in San Antonio, Texas, along with other codefendants, including Carlos Rolas Andrade. Petitioner filed a motion, pursuant to Penal Code § 1538.5, to suppress evidence, contending that the automobile in which petitioner was a passenger was illegally stopped and searched, and that the search and seizure was made without a warrant and no warrantless search rationale justified the seizure of evidence. Dkt. 8, Clerk's Transcript on Appeal, Vol 3 of 3, at 679. Mr. Andrade, who was with petitioner in the car when the were arrested in Texas, also filed a motion to suppress. Dkt. 8, Clerk's Transcript on Appeal, Vol 2 of 3, at 582. On October 17, 2003, a hearing was held on the motions to suppress. Dkt. 8, Reporter's Transcript on Appeal, Volume I of II, at 3 - Volume II of II, at 64. On November 18, 2003, the court denied the motions to suppress. Dkt. 8, Reporter's Transcript on Appeal, Volume II of II, at 355-364.

On April 30, 2004, a suppression hearing was held pursuant to codefendant Antonio Villasenor's motion, pursuant to Penal Code § 1538.5, to suppress evidence obtained from a GPS tracking device placed on a vehicle, and from telephone interceptions placed on petitioner's codefendants' Antonio Villasenor and Jesse Vasquez's telephones. Dkt. 8, Reporter's Supplemental and Augmented Transcript on Appeal, at 114- 226. Petitioner and his counsel were present at the hearing. Dkt. 8, Reporter's Supplemental and Augmented Transcript on Appeal, at 48. On May 14, 2004, the court issued an oral ruling, denying to the motions to suppress. Dkt. 8, Reporter's Supplemental and Augmented Transcript on Appeal, at 178-189, 200-204, 214-222.

On June 21, 2004, petitioner pled no contest to conspiracy to transport cocaine.

On June 21, 2004, petitioner requested a certificate of probable cause concerning his motion to suppress evidence. Dkt. 8, Clerk's Transcript on Appeal, Vol 3 of 3, at 716. A certificate of probable cause is issued by the trial court when the court certifies that at least one contention challenging the plea is not totally frivolous. Penal Code § 1237.5; *People v. Ribero*, 4 Cal.3d 55 (1971). On June 21, 2004, the trial court granted a certificate of probable cause for petitioner to raise on appeal the issue of the trial court's denial of his motion to suppress evidence. Clerk's Transcript on Appeal, Vol 3 of 3, at 720.

In his notice of appeal, petitioner himself (not his counsel) added a request for a certificate of probable cause for a claim that the trial court did not have jurisdiction over the proceedings. Clerk's Transcript on Appeal, Vol 3 of 3, at 727. That request was denied. *People v. Andrade and Rogers*,

2005WL 2660403 * 1.

In a consolidated appeal, the court appointed counsel to represent petitioner and his codefendant Carlos Rolas Andrade. *People v. Andrade and Rogers*, 2005WL 2660403 * 3. Petitioner's counsel challenged the enhancements to petitioner's sentence and the amount of restitution. See Dkt. 8, Appellant's Opening Brief, Third Appellate District Court of Appeals, Appellant John Dennis Rogers, June 27, 2005. Mr. Andrade's counsel filed an opening brief and requested the court, pursuant to *People v. Wende*, 25 Cal.3d 436 (1979), to review the record and determine whether there were any arguable issues on appeal. Dkt. 8, Appellant's Opening Brief Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, Third Appellate District Court of Appeals, Appellant Carols Rolas Andrade, May 16, 2005; *People v. Andrade and Rogers*, 2005WL 2660403 * 3. In the brief, Mr. Andrade's counsel pointed to facts that might raise issues involving the denial of Mr. Andrade's motion to suppress. Dkt. 8, Appellant's Opening Brief Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, Third Appellate District Court of Appeals, Appellant Carols Rolas Andrade, May 16, 2005, at 12-13.

On October 19, 2005, the California Court of Appeals affirmed petitioner and Mr. Andrade's convictions. *People v. Andrade and Rogers*, 2005WL 2660403 (petitioner's judgment was modified to reflect credit for custody and good conduct credit, restitution, and date of a prior conviction). *See People v. Andrade and Rogers*, 2005WL 2660403 (Cal.App. 3 Dist.). . In the decision, the California Court of Appeals stated as follows: "Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Andrade." *People v. Andrade and Rogers*, 2005WL 2660403 * 3.

Petitioner's counsel chose to raise issues before the Court of Appeals that involved sentence enhancements and restitution. He had the opportunity to raise the search and seizure issues, as Mr. Andrade's counsel did, to the Court of Appeals. Mr. Andrade was unsuccessful in raising the search and seizure issues, since the Court of Appeals reviewed the record and found no arguable error.

Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims that the search and seizure in Texas was reasonable (Claim 1); that his initial detention was unreasonable (Claim 2); that his detention exceeded the permissible scope under the law (Claim 3); that his detention was a de facto arrest (Claim 4); and that there was no probable cause to believe that he was involved in any criminal

activity. He had the opportunity to file a motion to suppress in the trial court, pursuant to Penal Code § 1528.5; he filed that motion to suppress; he obtained a certificate of probable cause with regard to his motion to suppress; and his counsel chose not to address to the search and seizure, which was ultimately determined by the Court of Appeals to be without merit. Accordingly, under *Stone v. Powell*, 428 U.S. 465, petitioner is precluded from obtaining habeas relief on these search and seizure claims.

With regard to petitioner's claim that Detective. Kolbs' GPS-based testimony was inadmissible and prejudicial (Claim 6), that issue was dealt with in the hearing on petitioner's codefendant's motion to suppress, which were fully litigated in the trial court. Petitioner and his counsel were present at the hearing on his codefendant's motion to suppress. Petitioner did not join in those motions or present evidence himself. Petitioner did not request a certificate of probable cause regarding any issue he may have had regarding his codefendant's motion to suppress. Further, the issues relevant to Detective Kolbs' testimony were fully litigated by petitioner's codefendant; petitioner has not shown how further development of the issues on his part would have affected the hearing or the outcome of that hearing. The issues regarding Detective Kolbs' testimony were fully and fairly litigated, and petitioner had the opportunity to raise the issues in the state courts. Accordingly, under *Stone v. Powell*, 428 U.S. 465, petitioner is precluded from obtaining habeas relief on this claim

The California state court decisions affirming petitioner's convictions were not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioner's claims that Constitutional rights were violated by unlawful the search and seizure is without merit.

**2.    Jurisdiction**

Petitioner claims that California lacked subject matter jurisdiction over a crime that occurred outside of its jurisdiction.

On January 28, 2003, petitioner was indicted, along with fourteen codefendants, for conspiracy to transport cocaine and unlawful transportation of cocaine. Clerk's Transcript on Appeal, Vol 1 of 3, at 8-24. See also Clerk's Transcript on Appeal, Vol 3 of 3, at 634-648. In Count One, the indictment stated as follows:

> On or about and between January 1, 2002, and May 16, 2002, at and in the County of Sacramento, State of California, defendants, ...John Dennis Rogers, ... did commit a felony ..., namely a violation of Section 182 (a)(1) of the Penal Code, in that said defendants did unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of transportation for sale of cocaine, a controlled substance, between Sacramento County and counties noncontiguous thereto, to wit: Kern County, San Bernadino County, and Riverside County, in violation of section 11352(b) of the Health and Safety Code, a felony, that pursuant to and for the purpose of carrying out the objects and the purposes of the aforesaid conspiracy, the defendants committed the following overt act and acts at and in the County of Sacramento and elsewhere.

Clerk's Transcript on Appeal, Vol 1 of 3, at 9.

The indictment further stated, as Overt Act No. 17, that, "[o]n or about May 13, 2002, John Dennis Rogers flew from Sacramento, California to Harlingen, Texas." Clerk's Transcript on Appeal, Vol 1 of 3, at 10.

On June 21, 2004, petitioner pled no contest to conspiracy to transport cocaine. Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 378.

During the plea hearing, the court stated as follows:

> John Dennis Rogers, in indictment 03F00833, Count One, you're accused of violating 182(a)(1) of the Penal Code, conspiracy for transportation for sale of cocaine between noncontiguous counties, with the overt acts as set forth by the District Attorney in the statement of facts.

Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 385.

The prosecutor stated a factual basis for the plea, as follows:

> Your Honor, with respect to Count One, the evidence at trial would establish that between January 1st of 2002, and up to and including May 16th of 2002, the Defendant John Rogers and the Defendant Carlos Andrade were engaged in a conspiracy with Antonio Villasenor, John Quintero, Jesse Vasquez, and other individuals,to transport cocaine from the State of Texas to California. That the transportation route would have included driving through Kern County as well as San Joaquin County on the way to Sacramento.
>
> In excess of twenty kilograms of cocaine was to have been transported by the defendants from Texas to California, back to Sacramento.
>
> And in furtherance of that conspiracy, on May 13th of 2002, both Mr. Rogers and Mr. Andrade boarded an airplane in Sacramento and flew from Sacramento to the State of Texas.

Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 376-77. At the hearing, petitioner stated that "[t]here is a factual basis, and I do agree it's a knowing, voluntarily, and willingly made plea." Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 378. *See also* Dkt. 8, Reporter's Transcript on Appeal, Vol. II of II, at 385.

Plaintiff apparently bases this claim, first, on Art. III § 2 cl. 3 of the United States Constitution,

ORDER
Page - 8

which addresses the jurisdiction of the federal courts. This constitutional provision does not apply to petitioner's claim that the California courts were without jurisdiction over his criminal case. Petitioner also bases this claim on the Sixth Amendment, which provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

Petitioner claims that the crime was not committed in California, because he was arrested in Texas, following an automobile search and seizure in Texas.

Original subject matter jurisdiction is conferred on California courts by California Constitution Article VI, section 10. (Cal. Crim. Law Proc. and Practice (2007) Venue and Jurisdiction Distinguished section 15.3 at 375.; 4 Witkin & Epstein, Cal. Crim. Law (3d ed. 2000), Jurisdiction and Venue, section 1 at 86.)

California Penal Code section 27 provides that "(a) The following persons are liable to punishment under the laws of this state: (1) All persons who commit, in whole or in part, any crime within this state...."

California Penal Code section 778a provides in relevant part as follows:

> (a) Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of that intent, which culminates in the commission of a crime, either within or without this state, the person is punishable for that crime in this state in the same manner as if the crime had been committed entirely within this state.

California's jurisdictional statutes afford jurisdiction not only over crimes partially committed within the state (Penal Code § 27 (a)(1)), but also over crimes committed outside the state if the defendant formed the intent and committed any act within California in whole or partial execution of that intent (Penal Code § 778a(a)). *See People v. Morante*, 20 Cal.4th 403, 436 (1999).

In California, a criminal agreement formed in the state cannot be prosecuted as a conspiracy unless some act is done within California to effect the object of the conspiracy. *See* Penal Code § 184,1/ 1 Cal. Crim. Law (3d), Elements, section 90.)

In this case, the evidence in the record shows that the base of operations for the organization was Sacramento, California. Reporter's Transcript on Appeal, Vol I of II, at 241. A white Chrysler Concorde load car was sent from Sacramento, California, to McAllen, Texas. Reporter's Transcript on Appeal, Vol I of II, at 256. The white car left Sacramento for the purpose of obtaining drugs to transport back to

ORDER
Page - 9

Sacramento. Reporter's Transcript on Appeal, Vol I of II, at 274-276. A group in Sacramento was orchestrating the operation that would bring the drugs back to Sacramento from Texas. Reporter's Transcript on Appeal, Vol I of II, at RT 276-77; and Reporter's Transcript on Appeal, Vol II of II, at 280. Petitioner was in one of the two cars that were involved in the transportation of cocaine. Dkt. 8, Reporter's Transcript on Appeal, Volume I of II, at 14-18, 29, 30-31. Petitioner's counsel stated that petitioner had four thousand dollars in his possession at the time of arrest. Reporter's Transcript on Appeal, Vol I of II, at 5. Petitioner's counsel stated that "[w]e have an airline ticket that was found, which later derivatively led to evidence establishing that he a\had flown from Sacramento to Texas on a particular date." Reporter's Transcript on Appeal, Vol I of II, at 5.

The evidence shows that there was a conspiracy to transport cocaine from Texas to Sacramento, that petitioner boarded a plane in Sacramento, that petitioner transported the cocaine after he arrived in Texas. At least one of the overt acts–flying from the Sacramento airport to Texas–occurred in California. There was a factual basis that there was a conspiracy, that petitioner was part of that conspiracy, that petitioner left Sacramento and arrived in Texas, and that he was in one of two cars that were traveling from Texas to transport cocaine. Under California law, California had subject matter jurisdiction over the conspiracy to transport and distribute cocaine.

The California state court decisions upholding petitioner's convictions were not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioner's claim that the California court was without jurisdiction in his criminal case is without merit.

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held in federal court unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty

of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational factfinder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

The state court decisions denying petitioner's claims for relief and upholding petitioner's convictions were not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. The petition for writ of habeas corpus should be denied and the case dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.Ct. at 1604.

In the event that petitioner appeals the denial of his habeas corpus petition to the Ninth Circuit U.S. Court of Appeals, the court has determined that a Certificate of Appealability should be denied. The court has reviewed all of the claim on the merits. Petitioner has not shown that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Therefore, it is hereby

**ORDERED** that the petition for writ of habeas corpus is **DENIED**. A Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of March, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge